#### FOR THE

#### COUNTY OF ORLEANS,

##### AT THE

##### AUGUST TERM, 1865.

---

PRESENT:

Hon. JOHN PIERPOINT,  
Hon. LOYAL C. KELLOGG,   } ASSISTANT JUDGES.  
Hon. ASAHEL PECK,

---

### JOHN MURRAY *v.* JAMES McALLISTER.

#### *Slander. Pleading.*

A wilful and malicious destruction of another's fruit trees to an amount exceeding seven dollars, is under our law, (G. S. p. 673, § 39,) a crime that subjects the per-petrator to corporal punishment; and it is held to involve moral turpitude. And to charge one with a commission of this offence, with malicious intent of injuring him, &c., would be actionable slander.

It need not be alleged in the declaration that the destruction of the defendant's trees was wilful and malicious.

The declaration in this case held sufficient upon demurrer.

ACTION on the case for slander. The defendant filed a special demurrer to the declaration, which is sufficiently set forth in the opinion of the court. The court at the December Term, 1864, PO-LAND, Ch. J., presiding, *pro forma* adjudged the declaration insufficient, and rendered judgment for the defendant,—to which the plaintiff excepted.

*Chas. I. Vail* and *W. D. Wilson,* for the plaintiff, maintained that the declaration is sufficient. The words alleged as spoken by the defendant do plainly impute a crime or felony for which infamous punishment is provided by law. G. S. p. 673, § 39. It is not necessary that any offence was alleged to have been committed against any statute law of the state *in hæc verba,* and the statute designated by chapter and section. Nor is it necessary to declare that the offence is contrary to the statute in such case made and provided, but it is sufficient if the statutory offence is plainly and distinctly alleged with legal certainty, so that there can be no doubt what statutory offence was meant. The offence alleged is a crime and a felony under the common law, which still remains the law of Vermont. Blackstone's Com. Book 4, 246 ; Chitty's Criminal Law, vol. 3, p. 882, (note ;) Wharton's Criminal Law, vol. 2, book 5, 2003 ; and involves moral turpitude and subjects one to infamous punishment ; the defendant is therefore liable in this action. Hilliard on Torts, vol. 1, p. 263 ; *Brooker* v. *Coffin,* Am. Leading Cases, vol. 1, 103 ; *Burtch* v. *Nickerson, ib.* 107 ; *Redway* v. *Gray,* 31 Vt. 292. The declaration in the second count was sufficient. *Nichols* v. *Packard,* 16 Vt. 83 ; *Cass* v. *Anderson,* 33 Vt. 182.

*Benj. H. Steele* and *T. P. Redfield,* for the defendant.

The words set forth in the declaration are not *per se* actionable. The crime charged must be one which imputes moral turpitude. *Redway* v. *Gray,* 31 Vt. 292. These words cannot be tortured into any slanderous meaning. There is nothing immoral, not to say criminal, in destroying an apple tree. We submit that when the words charged do not imply crime, it is not the province of the colloquium to set forth an offence so *aggravated in kind,* that it may imply "moral turpitude." Thus to say that "A. assaulted B." when the words are not actionable, the colloquium cannot set forth that an assault had been made *so excessive* as to amount to an assault "*with*

*intent to kill.*" If so, the trial would involve the full trial of the case of *assault* with its motive and *justification.* The statute is sweeping in its terms ; if those words are actionable then the words "*He injured my ' grass,' or my ' sleigh,' or my ' harness,'*" by setting forth that such injuries had been done with *aggravated circumstances*, and that the speaker meant more than he said, become actionable. We find no such case. We insist that the measure of punishment prescribed by the legislature for an offence is not the only rule by which the court is to decide whether it involves such turpitude as to constitute words which charge it actionable when unaccompanied by special damage. The police government of a state may as a matter of policy punish a slight offence with great severity. But we insist that the colloquium sets forth no offence within the statute. Page 673, § 39.

The second count does not allege that the orchard had been *maliciously* destroyed.

The opinion of the court was delivered by

PIERPOINT, J. The questions in this case arise upon a demurrer to the plaintiff's declaration.

The first count in the declaration in substance alleges that a certain orchard of apple trees belonging to the defendant had been maliciously cut down, mutilated, girdled and damaged, to an amount exceeding the sum of seven dollars, and that afterwards the said defendant in speaking of said act, in the presence of others, maliciously intending to injure the plaintiff, and cause him to be suspected of doing the act, and to bring him into disgrace, &c., used the words charged in the declaration, as constituting the slander. These several allegations are made in due form and with the customary verbiage. The words charged are that, " I, (meaning the defendant,) know that he, (meaning the plaintiff,) destroyed my apple trees, (meaning the said apple trees of the defendant, and meaning thereby, then and there, that said plaintiff had been, and was guilty of the crime of wilfully and maliciously, cutting down, girdling, destroying, and rendering useless, the said apple trees of the said defendant.)"

It is insisted on the part of the defendant that the speaking of the words as charged in the declaration, do not impute to the plaintiff

12

the commission of any crime, that would subject him to corporal punishment, or that involves moral turpitude.

By the statute law of this state it is provided that any person, who shall wilfully and maliciously cut down, girdle, destroy or render useless, any fruit tree or trees, on the land of any private person, or in any highway, or public common, &c., when the injury exceeds seven dollars, shall be punished by imprisonment in the state prison, not more than three years, &c.

By his demurrer the defendant admits the allegation that the apple trees were destroyed, that they belonged to him, that the injury exceeded the sum of seven dollars, that the act was done wilfully and maliciously, and that in speaking of the perpetration of this act, he maliciously and falsely spoke the words charged, and in the sense alleged in the declaration, that is, meaning to charge the plaintiff with being guilty of such act.

This we think amounts to a full and complete allegation, that the defendant so charged the plaintiff with the commission of an offence that by the statute is punished by imprisonment in the state prison.

We think the first count in the declaration in this respect is sufficient.

But it is said the offence charged does not involve moral turpitude, which is necessary to make the charge actionable, notwithstanding the punishment that the law attaches to the offence. We think the wilful and malicious destruction of another's fruit trees does necessarily involve moral turpitude. It certainly shows as great a degree of moral obliquity, to destroy another's fruit trees, as to steal from him property of an equal value. The man who steals may be tempted by the desire of gain, necessity, the pressure of hunger of himself, or his family, and may yield. There may be strong mitigating circumstances, in a moral point of view; but the man who wilfully destroys another's fruit trees, can be actuated by no other motive than cool, deliberate, unadulterated and unqualified malice; there can be no extenuating circumstances. The perpetrator must necessarily be as mean a man as one that steals, and generally much meaner, and the public odium and disgrace that follows him should be as great, as that which falls on the head of a thief.

The only additional objection that is made to the second count is, that it is not alleged therein, that the destruction of the defendant's apple trees was wilful and malicious. This we think was not necessary. In the action of slander the plaintiff is not required to allege, or prove, that a crime has actually been committed, but only that the defendant has *charged* the plaintiff with the commission of a crime. And in this case the only occasion for alleging that the trees had been destroyed, was to connect therewith the allegation, that an injury had thereby been done, to an amount exceeding the sum of seven dollars, and then by alleging that it was of and concerning such destroying of the trees that the defendant spoke the words; thus giving scope and force to the inuendo, that the defendant spoke the words meaning thereby that the plaintiff had been and was guilty of wilfully and maliciously doing such act, that is, had destroyed the trees and done an injury thereby to an amount exceeding seven dollars.

Judgment of the county court reversed. Demurrer overruled and declaration adjudged sufficient. Case remanded.